# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

MICHAEL L. HOOVER

CASE NO.   3:01-cr-251-J-25TEM

Defendant's Attorney:   Bridget E. Boyle (ret)

THE DEFENDANT:

_X_ pleaded guilty to count One of the Indictment.
___ pleaded nolo contendere to count(s) which was accepted by the court.
___ was found guilty on count(s) after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Mail Fraud | September 7, 2001 | One |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

___ The defendant has been found not guilty on count(s)
___ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   January 6, 1945

Defendant's USM No.:   06317-018

Defendant's Mailing Address:   432 Pinetree Drive #11
Fond du Lac, Wisconsin 54202

Defendant's Residence Address:   same as above

Date of Imposition of Sentence: September 17, 2002

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

DATE:   September 25, 2002


COPIES DISTRIBUTED

1391

AO 245B (3/01) Sheet 4 - Probation

| | |
|---|---|
| Defendant: MICHAEL L. HOOVER | Judgment - Page 2 of 5 |
| Case No.: 3:01-cr-251(S2)-J-25TEM | |

## PROBATION

The defendant is hereby placed on probation for a term of **three (3) years**.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> __X__  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B (3/01) Sheet 4(a) - Probation

Defendant: MICHAEL L. HOOVER  
Case No.: 3:01-cr-251(S2)-J-25TEM

Judgment - Page 3 of 5

# PROBATION

The defendant shall also comply with the following additional conditions of probation:

X    The defendant shall participate in the Home Detention program for a period of **six (6) months**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

\_    The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute t o the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

\_    The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X    The defendant shall provide the Probation Officer access to any requested financial information.

X    The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating for any major purchases without approval of the Probation Officer.

\_    The defendant shall perform _ hours of community service as directed by the Probation Officer.

| Defendant: | MICHAEL L. HOOVER | Judgment - Page 4 of 5 |
|---|---|---|
| Case No.: | 3:01-cr-251(S2)-J-25TEM | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $ | $ |

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $.

___ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

    ___ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

### RESTITUTION

___ The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the court.

___ The defendant shall make restitution to the following victims in the amounts listed below:

___ Restitution is ordered jointly and severally with:

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

| | | |
|---|---|---|
| Defendant: | MICHAEL L. HOOVER | Judgment - Page  5  of  5 |
| Case No.: | 3:01-cr-251(S2)-J-25TEM | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I.   __X__ In full

   A.   __X__ due immediately

   B.   __ on or before ____

II.  __ In installments

   A.   __ monthly in installments of $__. Should the defendant's financial situation warrant an increase or decrease in his/her monthly payments, the probation office shall advise the Court.

   B.   __ in __ installments of $__ over a period of__ to commence __ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

__ The defendant shall forfeit the defendant's interest in the following property to the United States:

A Personal Money Judgment in the sum of $ has been entered by the Court on as to the Defendant.

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.

F I L E D   C O P Y

Date Printed: 09/27/2002

Notice sent to:

   ___   Mark Devereaux, Esq.
          U.S. Attorney's Office
          Middle District of Florida
          200 W. Forsyth St., Suite 700
          P.O. Box 600
          Jacksonville, FL  32201

   ___   Bridget E. Boyle, Esq.
          Boyle, Boyle & Smith, S.C.
          2051 W. Wisconsin Ave.
          Milwaukee, WI  53233